United States District Court for the
District of Massachusetts

|  |  |
|---|---|
| Doungchanrith Sovann, *individually and on behalf of his minor child,* E.S., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>Anthony J. Blinken, et al.,<br><br>   Defendants. | Civil Action No.<br>24-11826-NMG |

### MEMORANDUM & ORDER

GORTON, J.

  Pending before the Court in this immigration action is the unopposed motion of defendants, Anthony J. Blinken, (former) United States Secretary of State; Alejandro Mayorkas, (former) United States Secretary of Homeland Security; Ur Mendoza Jaddou,(former) Director of United States Citizenship and Immigration Services; and Loren Miller, (former) Director of United States Citizenship and Immigration Services, (collectively, "defendants"), to dismiss the complaint of pro se plaintiff, Doungchanrith Sovann ("plaintiff"). For the reasons below, the unopposed motion will be allowed.

  When a motion to dismiss is unopposed, the First Circuit Court of Appeals has indicated that a district court has discretion to allow such a motion "pursuant to a local rule that

requires a response," provided that dismissal would not "offend equity or conflict with a federal rule." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004). In this Court, Local Rule 7.1(b)(2) indicates that a party opposing a motion "shall file an opposition within 14 days after the motion is served." By its use of the word "shall", other sessions of this Court have held, and this session agrees, that Rule 7.1(b)(2) is "straight forward in requiring an opposition" to a motion to dismiss. Doe v. Bradshaw, No. CIV.A. 11-11593-DPW, 2013 WL 5236110, at *4 n.3 (D. Mass. Sept. 16, 2013).

In this case, defendants filed their motions to dismiss on October 2, 2024. Plaintiff has not filed an opposition to either motion, in violation of his obligation of Rule 7.1(b)(2).

Based upon that violation, and after careful review of the record in this case, the Court finds that dismissal will not clearly "offend equity." Pomerleau, 362 F.3d at 145; see Bradley v. York Cnty. Sheriff, No. 2:22-CV-00178-JAW, 2023 WL 4364167, at *2 (D. Me. July 6, 2023) (allowing unopposed motion to dismiss because the record "lack[ed] any evidence to suggest the equities would militate against dismissing the claim"). Accordingly, the motion to dismiss will be allowed.

ORDER

For the foregoing reasons, the motions to dismiss of defendants (Docket No. 8) is **ALLOWED** and this case is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated:  September 4, 2025